## J. B. Colt Company v. Shirk.

*Practice, C. P.—Judgment—Affidavit of defence—Rule for costs—Stay of proceedings—Act of March 10, 1921.*

1. The Act of March 10, 1921, P. L. 16, amends the General Practice Act of May 14, 1915, P. L. 483, so as not to require an affidavit of defence to be filed before the return-day of the summons.

2. Where a summons was issued on May 24, 1922, calling for a return on the first Monday of July, 1922, and the summons was served on May 25, 1922, the defendant had until July 3rd, the first Monday of July, to file his affidavit of defence.

3. Where, in such case, the defendant entered a rule for costs on the foreign plaintiff on June 28, 1922, returnable to next term, Monday, Sept. 18, 1922, proceedings to stay, which was duly allowed by the court, the plaintiff had until Sept. 18th to file an answer to the rule, and a judgment entered Aug. 14th for want of an affidavit of defence was stricken off.

Rule to strike off judgment. C. P. Union Co., Sept. T., 1922, No. 9.

*C. C. Lesher,* for plaintiff; *A. A. Leiser,* for defendant.

POTTER, P. J., Nov. 25, 1922.—On Aug. 14, 1922, judgment was taken by counsel for the plaintiff, upon præcipe, for want of an affidavit of defence, in the sum of $273.11.

On Sept. 23, 1922, a rule was taken out by the defendant upon the plaintiff to show cause why this judgment should not be stricken from the records.

Other questions have been injected into the case, but, as we said at argument, we shall confine ourselves to but the one question which comes up

3 D. & C.

properly on the rule, and that is, whether or not the judgment ought to be stricken off.

The præcipe for the issuance of the summons was filed May 24, 1922, calling for the return-day of the summons to be on the first Monday of July, 1922, being the third day of the month. The sheriff served the summons on the defendant on May 25, 1922. Counsel for the plaintiff claims the defendant has fifteen days, under the Practice Act of 1915, to file an affidavit of defence, from May 25, 1922, the date of the service of the summons, and that these fifteen days expired on June 9, 1922.

As a matter of fact, the Act of March 10, 1921, P. L. 16, which is an amendment of the 12th section of the Practice Act of 1915, provides that in no case shall an affidavit of defence be required to be filed before the return-day of the summons. Under this act, then, the defendant had till July 3, 1922, to file his affidavit of defence.

On June 28, 1922, the defendant took out a rule on the plaintiff to show cause why security for costs should not be given, as is required by our Rule of Court No. 53, the plaintiff being a foreign corporation. This rule was granted in vacation, and was, therefore, returnable to the next term of court, or on Monday, Sept. 18, 1922. See Rule of Court No. 165 and the Act of May 7, 1889, P. L. 102.

The order of the court made June 28, 1922, upon granting the rule, is as follows:

"And now, June 28, 1922, upon presentation of above motion and affidavit, a rule is granted upon J. B. Colt Company, plaintiff in above suit, to enter security for costs in said suit, to be approved by the court, in the sum of five hundred dollars, on or before the 17th day of July, 1922, or show cause why judgment of *non pros.* shall not be entered in said case for want of such security, as provided by Rule of Court No. 53, all proceedings to stay pending the determination of said rule and until 10 days after notice thereof, or of entry of security as aforesaid, to the defendant or his attorney; rule returnable *sec reg.*                                   By the Court."

The plaintiff had, therefore, till Sept. 18, 1922, to file its answer to the rule, and all proceedings were to stay pending the determination of the rule and even ten days after notice of the determination of the rule or the entry of security, the notice to be given to the defendant or to his attorney.

If the rule should be in any manner disposed of without the knowledge of the defendant or of his counsel, then notice thereof should be given the defendant or his counsel, and the stay of proceedings continues till ten days after this notice has been given.

The order of June 28, 1922, called upon the plaintiff to furnish security for costs in the sum of $500 on or before July 17, 1922, or to show cause why judgment of *non pros.* should not be entered for want of such security. On July 17, 1922, the court, upon motion, extended the time for filing the said bond for fifteen days further, or to Aug. 1, 1922. On July 28, 1922, the bond was filed and approved by the court.

However, there was, and still is, a rule before the court to be disposed of, and the proceedings in this case are stayed till the determination of this rule. It became a living creature of this court, and it continues to live, although apparently in a state of coma, till some disposition is made of it. It must be either discharged or made absolute. Nothing has been done with it up to the present time, so it must still be undetermined; and if it is, then the stay placed on the proceedings by the order of June 28, 1922, is still in force. If this is true, if the stay is still on, how could judgment be taken?

Then, again, when this bond was approved on July 28, 1922, the plaintiff was bound to give notice of its entry to the defendant, and this notice would need be given in accordance with our Rule of Court No. 168, which fully provides for the service of it as well as to its form. It is conceded this was not done. Then, again, how could judgment be taken?

We do not want to be regarded as technical. Be it far from us, but we must insist on an observance of our Rules of Court. The court intends to live up to them in the conduct of court affairs, and we must insist on their due observance by the practitioners at the bar. They are as binding on us as are the acts of assembly.

The face of the record plainly shows that this judgment was entered in violation of the order of court of June 28, 1922. It is, therefore, irregularly and unauthorizedly entered, and must be stricken off the record, full and ample authority for doing which is plentifully found in the books.

We are not at this time making disposition of the bond filed as security for costs. We cannot, however, refrain from saying that a power of attorney duly authorizing P. B. Linn, Esq., to issue and sign bonds for this company is of record in the Recorder's Office in Miscellaneous Book No. 3, page 317, the same having been recorded on Dec. 24, 1903, and that this company has been annually filing its statements in the office of the prothonotary. In this respect the bond is regular and lawful.

And now, to wit, Nov. 25, 1922, for the reasons herein given, the rule granted Sept. 23, 1922, is made absolute, and the judgment entered on Aug. 14, 1922, is stricken from the records.

From Charles P. Ulrich, Selins Grove, Pa.